## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES McLAUGHLIN and | : | |
| FRANCISCO McLAUGHLIN | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | 02-CV-2996 |
| DAVID WILLIAMS and | : | |
| C.R. ENGLAND, INC. | : | |
| | : | |
| Defendants | : | |

## **ORDER**

     **AND NOW** this            day of           , 2002, it is hereby

**ORDERED AND DECREED** that Plaintiff's Request for Entry of Default Against defendant

David Williams is hereby **DENIED.**

_____ J.

0716404.01

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES McLAUGHLIN and | : | |
| FRANCISCO McLAUGHLIN | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | 02-CV-2996 |
| DAVID WILLIAMS and | : | |
| C.R. ENGLAND, INC. | : | |
| | : | |
| Defendants | : | |

**C.R. ENGLAND, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT DAVID WILLIAMS**

Defendant C.R. England, Inc. ("England") by and through its counsel, Rawle & Henderson LLP, files the following response in opposition to plaintiff's request for entry of default against defendant David Williams, and in support thereof avers as follows:

1. Admitted.

2. Denied. The Affidavit of Service attached to Plaintiffs' Request for Entry of Default against David Williams shows that the Complaint was received by Alberta Pierce. The address upon which plaintiffs' served the Complaint is not the last known address for Mr. Williams possessed by defendant England, his former employer. Receipt of the Complaint by Alberta Pierce does not constitute proper service pursuant to Pa.R.C.P. Nos. 403 and 404, respectively. Receipt of the Complaint by Ms. Pierce does not comply with Fed.R.Civ.P. 4.

0716404.01

3. Denied. As plaintiff has made no showing that defendant David Williams has been properly served a copy of the Complaint in this matter, his time to respond to the Complaint under Fed.R.Civ.P. 12 has not yet begun to run.

4. Denied. As plaintiff has failed to show proper service of the Complaint upon defendant David Williams, no default should be entered against him.

5. Defendant Williams is a former employee of defendant England who terminated his employment subsequent to the accident giving rise to this Complaint.

6. Plaintiffs' Complaint, a true and accurate copy of which is attached hereto as Exhibit "A" avers at paragraph 4 that defendant Williams was an employee of defendant England. Count II of plaintiffs' Complaint seeks damages from defendant England for negligent entrustment of its vehicle to defendant Williams. See Exhibit "A" at page 4.

7. Thus, defendant England has standing to contest the "Request for Default" filed by plaintiff, because England may ultimately be obligated to indemnify its former employee for the default taken against that employee under, *inter alia,* the theory of *respondeat superior* plead in plaintiffs' Complaint.

8. While the Pennsylvania Rules of Civil Procedure permit service by mail, for that service to be valid, service is only complete upon a receipt signed by the defendant or his authorized agent. Pa.R.C.P. No. 403. As Exhibit "1" attached to plaintiffs' Request for Entry of Default indicates that it was signed for by Alberta Pierce, service under Pa.R.C.P. No. 403 was incomplete. Because service upon defendant David Williams was not completed under the Pennsylvania Rules of Civil Procedure prior to the removal of this action to the United States District Court for the Eastern District of Pennsylvania, discovery is governed by Fed.R.Civ.P. 4. Plaintiff has made no showing that he has complied with that rule either.

0716404.01

9. Accordingly, plaintiffs' Request for Entry of Default Against Defendant David Williams should be denied.

RAWLE & HENDERSON LLP

By: _____
Timothy J. Abeel
John F. Barrett
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

Attorneys for Defendants
C.R. England and David Williams

Dated: September 13, 2002

0716404.01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES McLAUGHLIN and<br>FRANCISCO McLAUGHLIN | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | 02-CV-2996 |
| DAVID WILLIAMS and<br>C.R. ENGLAND, INC. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT C.R. ENGLAND, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT AGAINST DEFENDANT DAVID WILLIAMS**

Defendant C.R. England, Inc. ("England") by and through its counsel, Rawle & Henderson LLP files the following Memorandum of Law in support of its Response in Opposition to Plaintiffs' Request for Entry of Default against defendant David Williams on the grounds that follow:

**I.   Facts**

The Complaint in this matter was filed on April 18, 2002 in the Philadelphia Court of Common Pleas for injuries allegedly suffered by James and Francisco McLaughlin as the result of a motor vehicle accident involving a tractor trailer owned by defendant England and operated by defendant David Williams ("Williams"). On May 20, 2002, defendant England removed this action from the Philadelphia Court of Common Pleas to the United States District for the Eastern District of Pennsylvania. Paragraph 4 in Count II of plaintiffs' Complaint, a true and accurate copy of which is attached hereto as Exhibit "A", aver that England is responsible for the injuries caused by Williams under, *inter alia,* the theories of agency and *respondeat superior.*

0716404.01

1

On April 19, 2002 plaintiff mailed a copy of plaintiffs' Complaint to Williams at 139 East Fourth Street, Lakewood, New Jersey 08701. On May 10, 2002 an Alberta Pierce signed the certified mail receipt attached to the mailed copy of plaintiffs' Complaint. See Exhibit 1 to plaintiffs' Complaint. Plaintiff contends this constitutes proper service thought he has made no showing of any relationship between Alberta Pierce and David Williams or that 139 East Fourth Street, Lakewood, New Jersey was David Williams actual residence. Despite that, on August 22, 2002 plaintiff filed a motion styled "Request for Entry of Default against Defendant David Williams." Plaintiffs' attach what is purportedly their Affidavit of Service and allege that the time within which Williams was obligated to answer otherwise plead to the Complaint has expired.

The service by mail upon Alberta Pierce fails to comply with the Pennsylvania Rules of Civil Procedure and Federal Rules of Civil Procedure governing service of original process.

**II.    Legal Argument**

England has standing to contest and oppose plaintiffs' Request for Enter of Default against defendant David Williams though Williams has not been served with original process or entered an appearance through counsel. England's standing to contest the instant motion flows from its position as Williams former employer at the time of the accident. As plead in paragraph 4 in Count II in plaintiffs' Complaint, plaintiff seeks damages from defendant England for, *inter alia*, negligent entrustment of the tractor trailer which injured plaintiffs' to defendant Williams and under the doctrine of *respondeat superior*. Thus, a default taken by plaintiff against defendant Williams may ultimately have to be satisfied by his former employer, England under the theory advanced by plaintiff. Despite the fact that England would strongly contest such a theory, it is entitled to protect itself against the consequences of an entry of default against its

0716404.01

former employee. Thus, England's Response in Opposition to Plaintiffs' Request for Entry of Default of Defendant David Williams is properly before the Court.

Because service of original process upon defendant was not accomplished by plaintiff prior to the removal of this action to the United States District Court for the Eastern District of Pennsylvania, service is governed by Rule 4 of the Federal Rules of Civil Procedure. While Rule 4 provides alternate methods of service, it also permits service under the law of state in which the district court is located. Fed.R.Civ.P. 4(e)(1). Pa.R.C.P. 404 permits service outside the Commonwealth by mail as provided by Rule 403 of the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. 404(2). Rule 403 of the Pennsylvania Rules of Civil Procedure provides as follows:

> The Rule of Civil Procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

Pa.R.C.P. 403.

Alternate methods are provided if this form of service is not successful. However, for service to be accomplished, the Rule requires a "receipt signed by the defendant or his authorized agent." Plaintiff has failed to produce such a receipt. Rather, plaintiff has produced a receipt signed by Alberta Pierce whose relationship, if any, to plaintiff, is unknown. This does not constitute proper service of original process. Moreover, the notes to Rule 403 indicate the proper method of complying with the Rule as follows:

> The United States Postal Service provides for a restricted delivery mail, which can normally be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the postal service procedures with respect to restricted delivery.

Note to Pa.R.C.P. Rule 403.

0716404.01

The Rule was enacted to avoid the very situation the parties find themselves in where an unknown party signs an unrestricted, but certified mail receipt. Because plaintiff has failed to comply with either Fed.R.Civ.P. 4 or Pa.R.C.P. 403, service of original process has not yet been effected on defendant Williams. Because service of original process has not yet been effected, the time for response set forth in Rule 12 does not begin to run.[1]

### III.    Conclusion

As default judgments are an extremely harsh outcome, judicial policy has generally been against the entry of default judgments and in favor of decisions on the merits rather than resolution of the case through default judgment. Klapprott v. United States, 335 U.S. 601, 611-612, 69 S.Ct. 384 (1949) (Judgment of de-naturalization may not be taken by default.) See also Zawadski DeBuneo v. DeBuneo Castro, 822 F.2d 416, 419-420 (3d Cir.1987) (Generally, in close cases, doubt should be resolved in favor of setting aside default in reaching merit.)

---

[1] Presumably, plaintiffs' "Request for Entry of Default" refers to the time limitations set forth in Rule 12 of the Federal Rules of Civil Procedure, though plaintiffs' "Request for Entry of Default" omits reference to any rule of the Pennsylvania or Federal Rules of Civil Procedure.

0716404.01

_____Because plaintiffs' have failed to effect service of original process upon defendant Williams, the Court should deny their "Request for Entry of Default" in the form of Order attached hereto.

                    RAWLE & HENDERSON LLP

               By: _____
                    Timothy J. Abeel
                    John F. Barrett
                    The Widener Building
                    One South Penn Square
                    Philadelphia, PA 19107
                    (215) 575-4200

                    Attorneys for Defendants
                    C.R. England and David Williams

0716404.01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Response in Opposition to Plaintiff's Request for Entry of Default Against Defendant David Williams was served via First-Class U.S. Mail, postage prepaid, on counsel for plaintiff, on the date noted below, addressed as follows:

> Stephen W. Bruccoleri, Esquire
> Eight Penn Center, Suite 1900
> 1628 John F. Kennedy Boulevard
> Philadelphia, PA 19103

RAWLE & HENDERSON LLP

_____
Timothy J. Abeel
John F. Barrett

Dated: September 13, 2002

0716404.01